```
                    FILED
                 MAY - 2 2006
          UNITED STATES BANKRUPTCY COURT
           EASTERN DISTRICT OF CALIFORNIA
```

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

In re                                    )   Case No. 05-62659-B-11
                                         )
Charles W. Briggs,                       )   DC No. MTH-4
                                         )
              Debtor.                    )
_____)

**MEMORANDUM DECISION REGARDING DEBTOR'S EX PARTE MOTION FOR ORDER AUTHORIZING ENTRY OF REAL PROPERTY**

The Debtor filed an ex parte motion (the "Ex Parte Motion") asking for an order authorizing the Debtor to enter and have access to a commercial building known as the Guarantee Building and an adjacent parking structure (collectively, the "Guarantee Facilities"). Alternatively, the Debtor asks for an ex parte order shortening time to hold a noticed hearing on the issue. Hal Kissler, the State-court appointed receiver (the "Receiver"), opposes the Ex Parte Motion. For the reasons set forth below, the Ex Parte Motion will be denied.

The Guarantee Facilities are not owned by the Debtor, they are owned by another entity known as AB Parking Facilities, LLC ("AB Parking"). The Debtor is a co-owner of AB Parking. The Guarantee Facilities are collateral for three loans held by Scripps GSB I, LLC, Scripps Investments and Loans, Inc., and related persons and entities (collectively, "Scripps"). Scripps GSB I, LLC, is the successor-in-interest to CapitalSource Finance, LLC, which initiated both a non-judicial foreclosure proceeding, and a judicial foreclosure/receivership action against AB Parking and the Guarantee Facilities in the Fresno County Superior Court (the "Receivership"). The Debtor is a

defendant in the Receivership.[1] Scripps has also filed in this court a motion for relief from the automatic stay to foreclose against a pledge of the Debtor's interest in AB Parking. The Debtor contends, *inter alia*, that a sale of the Guarantee Facilities is necessary to the Debtor's reorganization, and that he needs access to the Guarantee Facilities to establish the value of his interest in AB Parking in response to Scripps' motion for relief.

To begin, the court notes that AB Parking is not before this court, neither are its assets. The Guarantee Facilities are currently under the jurisdiction of the Fresno County Superior Court in the Receivership. For reasons that are not in the record, the management of AB Parking has made a decision not to put AB Parking into its own bankruptcy. This court does not here question that decision. At the same time, this court must make sure that its rulings in this case give proper deference to the proceedings in the State court, and are consistent with the limitations on this court's jurisdiction. To the extent that the Debtor may seek to draw the Guarantee Facilities into this bankruptcy case, to extend the protections of the automatic stay to a non-debtor, or to vicariously reorganize AB Parking through this chapter 11 proceeding, the court must review the Debtor's request for relief with close scrutiny.

The Debtor requests an order of this court compelling the Receiver to give the Debtor and his real estate agent unfettered access to the Guarantee Facilities. The Debtor

---

[1] There is a dispute in the State court over whether the Receivership is stayed by the filings of this bankruptcy, and the bankruptcy of A Partners, LLC (Case No. 06-10069 filed on January 26, 2006). That issue is not before this court. A Partners, LLC, holds a junior deed of trust with the attendant rights and remedies against the Guarantee Facilities. However, A Partners, LLC, was not named as a defendant in the Receivership.

On April 18, 2006, the Debtor filed in this court a declaration in opposition to Scripps' motion for relief from the automatic stay (Docket Control No BMJ-1) with a copy of a tentative ruling from the Superior Court in the Receivership dated April 11, 2006. That tentative ruling recognizes the automatic stay issue:

> The Court finds, then, that proceeding with the instant lawsuit could be injurious to the preforeclosure rights of A Partners, LLC. The case is therefore stayed until the A Partners' bankruptcy case is resolved.

2

wishes to show the Guarantee Facilities to a potential purchaser, the goal being to sell the Guarantee Facilities, and to pay all of the secured claims, including Scripps', as part of the Debtor's reorganization. The Debtor wants access to the Guarantee Facilities without the Receiver's supervision, to preserve confidentiality and protect the selling effort. The Receiver disputes the confidentiality issues and opposes the requested relief - unsupervised access - on security and safety grounds. Two principal tenants of the Guarantee Facilities are agencies of the federal government. Access to the Guarantee Facilities is restricted to persons with pre-approved clearance. It is not clear from the record that the State court's order appointing the Receiver (the "Receivership Order") actually prohibits AB Parking, or anyone on its behalf, from having appropriate access to the Guarantee Facilities.[2] But if it does, the Debtor will need to modify the Receivership Order in the State court. This court has no jurisdiction over the Guarantee Facilities, the Receiver, or the management of AB Parking.

The Debtor states that the Guarantee Facilities need to be sold to pay the secured debt as part of the Debtor's reorganization plan. But sale of the Guarantee Facilities is a management function of AB Parking, it does not require the approval of this court, and it is not within the scope of this court's jurisdiction to supervise. Again, it is not clear that the Receivership Order prohibits AB Parking from selling its assets to pay the secured debt, even with the Receiver in place to collect the rents. But if it does, the Debtor will

---

[2]The tentative ruling referred in footnote 1 above recognizes that A Partners, LLC's, automatic stay may require some modification and limitation of the Receiver's duties:

> The stay would include activities of the receiver, although that could be complicated. The receiver is responsible for receiving rents and paying expenses, events that would continue to need to be administered. The Court intends to modify the order for the receiver so that his duties include only the routine aspects of managing the property.

The Debtor's declaration filed in support of this Ex Parte Motion includes a copy of a letter dated April 11, 2006, from the Receiver's attorney, Robert Hillison, Esq., stating that Ronald Allison, another principal in AB Parking could have access to the Guarantee Facilities on April 12 & 13. The record is silent as to whether this inspection ever took place.

need to modify that Order in the State court.

The Debtor contends that he has a right to inspect and show the Guarantee Facilities to potential purchasers under Fed.R.Bankr.P. 2004, which provides in pertinent part:

> (a) **Examination on Motion.** On motion of any party in interest, the court may order the examination of any entity.
>
> (b) **Scope of Examination.** The examination of an entity under this rule . . . may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge. In a . . . reorganization case under chapter 11 of the Code, . . . the examination may also relate to the operation of any business and the desirability of its continuance, the source of any money or property acquired or to be acquired by the debtor for purposes of consummating a plan and the consideration given or offered therefor, and any other matter relevant to the case or to the formulation of a plan.

Arguably, an "examination" of the Guarantee Facilities would fall within the categories of "liabilities and financial condition of the debtor," operation of the Debtor's interest in AB Parking, and matters "relevant to the case or to the formulation of a plan." However, the Debtor personally does not have the right to sell the Guarantee Facilities as part of a plan of reorganization or otherwise; that would be a management function of AB Parking, the owner of the Guarantee Facilities. The Guarantee Facilities are public buildings, subject to such security as is necessary to protect its tenants. As a representative of AB Parking, the Debtor should already have some form of reasonable access to the Guarantee Facilities for inspection, appraisal, etc. without an order of the bankruptcy court. If the Receivership Order unduly restricts that access, then that Order needs to be modified by the State court.

To the extent the Debtor needs court authority for access to the Guarantee Facilities to prepare a response to Scripps' motion for relief from stay, that motion is now a contested matter. Pursuant to Fed.R.Bankr.P. 9014, discovery in a contested matter is conducted pursuant to the Federal Rules of Civil Procedure. Specifically, a request to enter upon and inspect designated real property is made pursuant to Fed.R.Civ.P. 34 (made applicable to bankruptcy proceedings by Fed.R.Bankr.P. 7034). That discovery is

initiated by service of a proper request on the party in possession of the property; it does not require an ex parte order or a noticed hearing unless there is a discovery dispute. If the parties cannot work out a format for compliance with the discovery request, then this court can fashion an appropriate protective order.

Finally, the Debtor suggests that he may seek to remove the Receivership to the bankruptcy court so that this court "can oversee the situation and prevent the disjuncture between the Debtor's Chapter 11 case." Removal of the Receivership to this court will not bring the Guarantee Facilities into this bankruptcy estate. This court cannot "oversee the situation" if that is intended to mean taking jurisdiction over the Receiver, and this court cannot replace the Receiver with a chapter 11 trustee to take possession of non-estate property. Again, the Debtor cannot protect AB Parking with his automatic stay and cannot vicariously reorganize AB Parking through this bankruptcy proceeding. The referenced "disjuncture" between this bankruptcy case and the assets of AB Parking exists as a matter of law and fact. Unless and until AB Parking is in bankruptcy, there is little this court can do with regard to protecting the Guarantee Facilities from foreclosure.[3]

**Conclusion.**

Based on the foregoing, the Ex Parte Motion seeks relief which is either not properly before the court, or which falls outside the jurisdiction of this court. To the extent the Debtor needs to respond to Scripps' motion for relief from the automatic stay, the Debtor has the right to inspect the Guarantee Facilities on proper notice pursuant to

---

[3]The Debtor alleges that Scripps and its Receiver have acted inequitably to interfere with and frustrate AB Parking's prior efforts to market the Guarantee Facilities. The Receiver denied those allegations and that issue does not affect this ruling. The court is not ruling here that it would not have jurisdiction under 11 U.S.C. § 105 to enjoin Scripps in a well pled adversary proceeding from foreclosing on equitable grounds, to protect the bona fide sale of a critical asset for the benefit of the estate. Such relief would require the Debtor to make the showing required for injunctive relief under Fed.R.Civ.P. 65 (made applicable to adversary proceedings by Fed.R.Bankr.P. 7065). The Debtor would also have to post a bond pursuant to Fed.R.Civ.P. 65(c), or make a strong showing to circumvent the bond requirement. Fed.R.Bankr.P. 7065.

the Federal Rules of Civil Procedure. To the extent that the Debtor seeks to exercise powers and duties on behalf of AB Parking, and if the Receivership Order unduly restricts the performance of those duties, the Debtor will need to seek modification of that Order in the State court. The Ex Parte Motion is denied.

Dated: May 2, 2006

W. Richard Lee
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

CERTIFICATE OF MAILING

The undersigned deputy clerk in the office of the United States Bankruptcy Court for the Eastern District of California hereby certifies that a copy of the document to which this certificate is attached was mailed today to the following entities listed at the address shown on the attached list or shown below.

Robert K. Hillison
Kimberly L. Mayhew
5200 N Palm Ave #211
Fresno CA 93704

Fax # 559-225-7912

Michael T. Hertz
PO Box 40012
Fresno CA 93755-0012

Fax # 559-228-6727

Charles W. Briggs
3097 Willow Ave #10
Clovis CA 93612

US Trustee
2500 Tulare St
Fresno CA 93271

DATED: May 2, 2006    By: /s/ Helene [signature]
                              Deputy Clerk

EDC 3-070 (New 4/21/00)